NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JERMAINE L. BRYANT, | : | |
| | : | Civil Action No. 15-3205 (JLL) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| COMMISSIONER GARY M. LANIGAN, et al., | : | |
| | : | |
| Defendants. | : | |

**LINARES**, District Judge.

Currently before the Court is the complaint of Plaintiff, Jermaine Bryant (ECF No. 1 ("Compl.")) and Plaintiff's application to proceed *in forma pauperis* (ECF No. 11). As this Court finds that leave to proceed *in forma pauperis* is authorized, *see* 28 U.S.C. § 1915(a)(1)-(2), this Court will grant Plaintiff's application and so the Court is required screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint for failure to state a claim for which relief may be granted.

**I. BACKGROUND**

Plaintiff is a convicted state prisoner currently incarcerated at East Jersey State Prison and serving a life sentence. (Compl. at 4). Plaintiff alleges that East Jersey has a policy which requires convicted prisoners to engage in either an educational or work program. (*Id.* at 7-8).

Plaintiff alleges that after his arrival at East Jersey, he met with the Assistant Superintendent of the prison, Defendant Cirillo, at classification regarding this policy, and was informed that were he to engage in a work or school program, Plaintiff would receive numerous benefits at the prison. (*Id.* at 7). Plaintiff, however, refused. (*Id.*).

The following week, on or about April 20, 2015, Plaintiff was placed on the movement sheet to attend an interview with Ms. Patrick of the Education Department for job placement. (Document 1 attached to Compl. at 21). Plaintiff, however, informed Ms. Patrick that he had no desire to attend school or take part in any work program. (*Id.*). The Department thereafter contacted a Lieutenant Penta, who informed Plaintiff that he had no choice in the matter and would either take part in his assigned work program or receive disciplinary charges. (*Id.*). Plaintiff again refused. (*Id.*). Penta informed Plaintiff that he had no constitutional right to refuse when Plaintiff raised his rights as a basis for his refusal. (Compl. at 8).

On April 24, 2015, Cirillo visited Plaintiff following a letter Plaintiff apparently sent challenging Penta's statement that Plaintiff had no right to refuse to get a work assignment. (*Id.*). Plaintiff again informed Cirillo that he had no wish to be placed in a work or educational program. (*Id.*). Cirillo, like Penta, informed Plaintiff that Plaintiff would either comply with the program to which he was assigned, or receive a disciplinary charge and the attendant penalties. (*Id.*). Plaintiff requested a transfer to New Jersey State Prison as a result, but that request was denied. (*Id.*).

Because he refused to comply with the work/education assignment he was given, Plaintiff was charged on April 30, 2015 with disciplinary charge 301, unexcused absence from work or any assignment or being late for work. (*Id.*). Plaintiff disputed the charge, asserting that he had never

2

signed up for school or work programs, and thus could not be late, despite the fact that he had been told that he would have to comply with the program to which he is assigned. (*Id.*). Plaintiff also asserted that he had a constitutional right not to work and that the Prison's policy amounted to cruel and unusual punishment. (*Id.*). That argument proved unavailing, and Plaintiff was found guilty and lost recreational privileges for up to five days. (*Id.*). Plaintiff apparently continued to refuse a work or education program thereafter, and has continued to receive punishment as a result. (*Id.*). Plaintiff now brings an action pursuant to 42 U.S.C. § 1983 against Gary Lanigan, commissioner of the New Jersey Department of Corrections; Patrick Nogan, Administrator of East Jersey State Prison; and Cirillo claiming that the prison's policy requiring him to work or engage in educational programs violates his rights.

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§1915(e)(2)(B) and 1915A because Plaintiff is a convicted state prisoner who has been granted *in forma pauperis* status and who raises claims against state employees.

3

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff seeks to make claims against defendants for alleged violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177,

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

4

180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). This Court construes Plaintiff's complaint as attempting to assert a claim that the prison's policy requiring him to engage in a work or educational program and the punishment for refusals to comply therewith amounts to cruel and unusual punishment in violation of the Eighth Amendment.

Plaintiff's sole federal claim, essentially, is that he is being forced to work against his will while serving a state prison sentence and that this is a violation of his Eighth Amendment right to be free from cruel and unusual punishment. It is well settled, however, that there is no federally protected right for a convicted state prisoner not to work during his imprisonment. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *Plaisance v. Phelps*, 845 F.2d 107, 108 (5th Cir. 1988); *Omasta v. Wainwright*, 696 F.2d 1304, 1305 (11th Cir. 1983); *Stiltner v. Rhay*, 322 F.2d 314, 315 (9th Cir.), *cert. denied*, 375 U.S. 915 (1963); *see also Shabazz v. New Jersey Comm'r of Dep't of Corr.*, No. 13-4968, 2014 WL 2090688, at *2 (D.N.J. May 19, 2014). "Consequently, a sentenced inmate may reasonably expect to be required to work without compensation as a result of his conviction." *Shabazz*, 2014 WL 2090688 at *2. Here, Plaintiff claims that he has been punished for failing to attend a job placement interview and refusing to take up a job or a place in an educational program in the prison. Such a requirement, however, does not violate a convicted state prisoner's federally protected constitutional rights. *Id.* As Plaintiff's sole federal claim is that the prison's work requirement violates the Eighth Amendment, and the case law establishes

5

that this is clearly incorrect as a matter of law, Plaintiff's complaint fails to state a claim for which relief may be granted, and must be dismissed.[2]

### III. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is GRANTED, and his complaint shall be DISMISSED for failure to state a claim for which relief may be granted. An appropriate Order follows.

Hon. Jose L. Linares,
United States District Judge

---

[2] To the extent that Plaintiff wished to assert state law claims in addition to his § 1983 claims, this Court declines to extend supplemental jurisdiction over those claims as this Court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).