*NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMAINE L. BRYANT, | : |
| : | Civil Action No. 15-3205 (JLL) |
| Plaintiff, | : |
| : | |
| v. | : **OPINION** |
| : | |
| COMMISSIONER GARY M. LANIGAN, et al., | : |
| : | |
| Defendants. | : |

**LINARES**, District Judge:

Currently before the Court is the proposed amended complaint of Plaintiff, Jermaine Bryant. (ECF No. 14). As this Court has previously granted Plaintiff *in forma pauperis* status, this Court is required to screen Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's amended complaint for failure to state a claim for which relief may be granted.

## I. BACKGROUND

Because this Court summarized the basic factual background of Plaintiff's original complaint in its previous opinion (ECF No. 12), and because Plaintiff seeks only to add more

information to his previous claims rather than replace them,[1] this Court incorporates the previous opinion's statements of facts in its entirety. As such, only a brief summary of the additional information Plaintiff wishes to have considered is presented here. In his amended complaint, Plaintiff again seeks to add a claim that he was improperly punished in so much as he was given disciplinary charges following his refusal to comply with an educational/work program in which he was enrolled by East Jersey State Prison in which he currently resides. Plaintiff attempts to dispute this Court's dismissal of his complaint by claiming that he has not refused to work, but instead has refused to take part in an educational work program in so much as he has refused to take a test as required by the program in which he has been enrolled by the prison. (ECF No. 14 at 1-3). Plaintiff further alleges that he is not provided pay or credits (either work or commutation credits, neither of which could lessen Plaintiff's life sentence) for days spent attending an educational program, and he thus refused to take further part in the educational program by refusing to take a test. (*Id.* at 3). This assertion, that Plaintiff was punished solely for refusing a test, however, seems at odds with documents attached to Plaintiff's original complaint wherein Plaintiff stated he was refusing to take part in the educational program at all. (*See* Document 1 attached to ECF No. 1 at 9-16). Plaintiff also alleges that his charges were changed from refusal

---

[1] Although an amended complaint normally replaces the original complaint entirely, rendering the initial complaint inoperative, this Court has previously permitted exception to this rule in the case of a pro se plaintiff whose amended complaint indicates that it is meant to supplement, rather than supersede, the original complaint. *See, e.g., Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 462 n. 9 (D.N.J. 2012). In such a case, the Court should read the amended and original complaints together. *Id.* Here, Plaintiff makes it clear that he is merely trying to "provide[] . . . all the facts that still exist within this civil action" and that his current amended complaint is meant as a supplement to the more detailed allegations contained in his original complaint. This Court thus construes the amended complaint as a supplement to, rather than supersession of, Plaintiff's initial complaint (ECF No. 1). *Id.*

2

to work to refusal to attend a program, however, the administrator's decision attached reflects that the only modification was that the administrator noted that a new bill required that all prison inmates be educated to a 12th grade reading level as an additional support for the conclusion that Plaintiff was required to attend the program. (Document 1 attached to ECF No. 14 at 6).

In addition to his claim that he is being punished for refusing to take part in an educational/work program, Plaintiff has also alleged that his television was damaged during his incarceration in the administrative segregation, and that some other unspecified property was lost or stolen while Plaintiff was so incarcerated. (ECF No. 14 at 4). Plaintiff does not detail, however, who damaged, stole, or otherwise lost his property. (*Id.*). Plaintiff also alleges that because he has spent all of his money fighting the charges he has received, he has insufficient funds to purchase necessities and must therefore obtain soap from the prison infirmary. (*Id.* at 4).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C.

3

§§1915(e)(2)(B) and 1915A because Plaintiff is a convicted state prisoner who has been granted *in forma pauperis* status and who raises claims against state employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

**B. Analysis**

Plaintiff seeks to make claims against defendants for alleged violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). This Court construes Plaintiff's amended complaint as attempting to assert a claim that the prison's policy requiring him to engage in a work or educational program and the punishment for refusals to comply therewith amounts to cruel and unusual punishment in violation of the Eighth Amendment, a claim that the damage or loss of his property constitutes a violation of Due Process under the Fourteenth Amendment, and a claim for a violation of Plaintiff's equal protection rights under the Fourteenth Amendment in so much as Plaintiff alleges that he is the only inmate receiving numerous charges. Plaintiff's amended complaint also appears to imply a conditions of confinement claim.

Although Plaintiff makes some attempts in his amended complaint to distinguish his Eighth Amendment claim from those cases involving a prisoner's lack of a right to refuse to work, Plaintiff's claim in essence remains that he is being forced to engage in a work/educational

5

program against his will, and punishment for his refusal to take the placement test therefore amounts to cruel and unusual punishment. As this Court previously explained, however, there is no federally protected right for a convicted state prisoner not to work during his imprisonment. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *Plaisance v. Phelps*, 845 F.2d 107, 108 (5th Cir. 1988); *Omasta v. Wainwright*, 696 F.2d 1304, 1305 (11th Cir. 1983); *Stiltner v. Rhay*, 322 F.2d 314, 315 (9th Cir.), *cert. denied*, 375 U.S. 915 (1963); *see also Shabazz v. New Jersey Comm'r of Dep't of Corr.*, No. 13-4968, 2014 WL 2090688, at *2 (D.N.J. May 19, 2014). "Consequently, a sentenced inmate may reasonably expect to be required to work without compensation as a result of his conviction." *Shabazz*, 2014 WL 2090688 at *2. Thus, to the extent that Plaintiff's claim is that he is being punished for refusing to take a placement test in a work/educational program, he is essentially still claiming that he is being forced to engage in some manner of work against his will during his imprisonment. Indeed, in spite of his attempts to claim that the program involved was solely educational (despite his statements in his original complaint that it was related to efforts by the facility to get Plaintiff a prison job and that it was a placement test), Plaintiff attempts to support his argument by referring to prohibitions against forced labor in the state constitution of New Jersey. (ECF No. 14 at 3). Plaintiff states that he is, in effect, being forced to engaged in forced labor because the program "offers him nothing where he is subject to die in prison" and cannot receive the benefit of good time or commutation credits. (*Id.*). Thus, this Court perceives Plaintiff's claim as being that he is being punished for a refusal to work or engage in a work/educational program, a claim which fails to state a claim for relief under the Eighth Amendment. *Shabazz*, 2014 WL 2090688 at *2. To the extent that Plaintiff relies on any forced labor provision of the New Jersey Constitution, 42 U.S.C. § 1983

6

does not provide redress for violations of state law, even state constitutional law, and that claim is therefore not a cognizable federal claim. *See, e.g., Bethea v. Roizman*, No. 11-254, 2012 WL 2500592, at *14 (D.N.J. June 27, 2012). Plaintiff's Eighth Amendment claim must therefore be dismissed.

Plaintiff next appears to assert a Due Process claim for the loss of his property, either in the form of theft, loss, or damage to his television. Plaintiff, however, has not alleged who damaged or stole his property (the named Defendants in this matter are all supervisors who likely are not directly involved with such things), and has certainly not alleged that his property was lost, damaged, or stolen by operation of proper state procedure. To assert a due process claim for deprivation of property, a plaintiff must allege that he possessed a property interest, of which he was deprived by the state or a state actor, and that the plaintiff was not provided notice and an opportunity to be heard in relation to that deprivation. *See Rusnak v. Williams*, 44 F. App'x 555, 558 (3d Cir. 2002). "Where a state actor deprives an individual of property without authorization, [however,] either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available. *See Hudson v. Palmer*, [468 U.S. 517, 530-36] (1984); *Parratt v. Taylor*, [451 U.S. 527, 543-44] (1981); *overruled in part on other grounds, Daniels v. Williams*, [474 U.S. 327] (1986)." *Love v. New Jersey Dep't of Corr.*, Civil Action No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015). The State of New Jersey provides its inmates with a proper post deprivation remedy in the form of the New Jersey Tort Claims Act. *See N.J. Stat. Ann.* § 59:1-1, *et seq.*; *Love*, 2015 WL 2226015 at *5. Here, Plaintiff has not pled that the theft, loss, or damage to his property was done with authorization, rather than as a result of negligent handling or the like, and the Tort Claims

7

Act provides him with a post deprivation remedy. As such, Plaintiff's deprivation of property claim does not amount to a violation of the Fourteenth Amendment, and Plaintiff's claim fails to state a claim for relief under § 1983.

While it is not entirely clear from the face of the amended complaint, Plaintiff appears to also want to raise a claim for a violation of his equal protection rights in so much as he asserts that he is "the only inmate who has received 25-charges for the refusal to take a test." In order to plead a claim for a violation of equal protection a plaintiff must allege either that he is "a member of a protected class and was treated differently from [others not belonging to that class], or [that] he belongs to a 'class of one' and was treated differently from others similarly situated without any rational basis for the difference in treatment." *Wofford v. Lanigan*, No. 14-5723, 2015 WL 9480016 (D.N.J. Dec. 28, 2015) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000)). Although Plaintiff claims he is the only inmate receiving these charges, he has not alleged that these charges are the result of his belonging to any particular protected class, nor has he alleged that there are any other individuals who are similarly situated. Without some allegation that there are others who have refused to take the same placement test who were not punished, Plaintiff fails to state a claim under even a class of one theory. Indeed, without allegations as to others similarly situated being treated differently, Plaintiff would fail to state a claim even if he had alleged membership in a protected class as a basis for the treatment he has received. *Id.* Plaintiff's apparent equal protection claim must therefore be dismissed without prejudice for failure to state a claim for relief.

The final federal claim which is at least implied by the facts alleged in Plaintiff's amended complaint is a possible claim asserting that the conditions of Plaintiff's confinement violate his

8

rights under the Eighth Amendment in so much as Plaintiff has difficulty purchasing the basic essentials (soap, toothbrushes, etc.) because he has spent all of his money either fighting his charges or attempting to fix his broken or lost property. (*See* ECF No. 14 at 2, 4). "To plead an Eighth Amendment claim based on conditions-of-confinement, [the plaintiff] must show that he was subjected to a sufficiently serious deprivation that resulted in the denial of 'the minimal civilized measure of life's necessities,' and that officials [at the DOC and the prison] were 'deliberately indifferent' to [the plaintiff's] safety." *Jones v. County Jail C.F.C.F.*, 610 F. App'x 167, 168 (3d Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Jones*, 610 F. App'x at 168. Eighth Amendment liability therefore cannot arise out of simple negligence or a mere lack of due care. *Jones*, 610 F. App'x at 169. The "minimal civilized measure of life's necessities" has been held to include basic hygiene provisions such as soap, toilet paper, and toothpaste. *See Watson v. Sec'y Pa. Dep't of Corr.*, 567 F. App'x 75, 79-80 (3d Cir. 2014). An occasional deprivation, or the provision of only a limited quantity of these basic hygiene provisions, however, is insufficient to state a conditions of confinement claim. *Id.* Although Plaintiff alleges that he has had difficulty purchasing hygiene products and has had to ask for soap from the prison's medical department, he also states that he must do so because he has spent his money fighting the charges against him. He thus hasn't pled specifically that he was unable at all to purchase these items because of prison action, but rather that he chose to file legal papers in this Court and elsewhere rather than purchase those items. Plaintiff has likewise failed to allege that the three named Defendants either deprived him of the

hygiene products in question, or that Defendants were deliberately indifferent to his inability to purchase them. Indeed, Plaintiff alleges that he was ultimately provided with soap by the prison's medical department. Thus, to the extent Plaintiff wished to present a conditions of confinement claim, he has failed to do so at this time, and that claim must be dismissed without prejudice. As this Court is dismissing all of the claim Plaintiff appears to raise in his amended complaint, the amended complaint will be dismissed without prejudice in its entirety.[3]

## III. CONCLUSION

For the reasons stated above, Plaintiff's amended complaint shall be DISMISSED WITHOUT PREJUDICE for failure to state a claim for which relief may be granted. An Appropriate order follows.

Hon. Jose L. Linares,
United States District Judge

---

[3] To the extent that Plaintiff wished to assert state law claims in addition to his § 1983 claims, such as a claim for violations of state administrative codes or for violations of the New Jersey Constitution, this Court declines to extend supplemental jurisdiction over those claims as this Court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).